UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ARMANDO PEREZ,

    Plaintiff,

-vs-

CHECKR, INC.,

    Defendant.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, CARLOS ARMANDO PEREZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, CHECKR, INC. (hereinafter "Checkr"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA").

2. The FCRA imposes several important requirements on consumer reporting agencies ("CRA"), such as Checkr, that sell employment-related consumer reports.

1

3. Separately, the FCRA imposes numerous requirements on a CRA like Checkr that apply in every context. One such requirement is that CRAs follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities". 15 U.S.C. § 1681.

4. Checkr failed to treat these obligations accordingly, and despite knowing that its underlying data and the "matching" algorithms that selected records for inclusion into consumer reports had serious deficiencies, it continues to sell reports anyway to the detriment of consumers like Plaintiff.

5. Checkr is a consumer reporting agency ("CRA") as defined by FCRA.

6. Checkr obtains consumer information bearing on consumers' character, general reputation, personal characteristics, and mode of living from a myriad of sources such as criminal and traffic records, social security number information, sex offender registries, sanctions and debarments records, Department of Health & Human Services inspector general records, Food & Drug Administration debarment records, Office of Foreign Asset Control records, and U.S. General Services Administration excluded persons list.

7. After acquiring consumer information from its sources, Checkr regularly assembles that information into a report. It then sells consumer reports

generated from the database and furnishes these consumer reports to third parties, such as consumers' prospective employers, for use in making decisions regarding hiring employees.

8. Checkr supplied to Plaintiff's employer, Lyft, Inc. (hereinafter "Lyft"), a consumer report, commonly known as a "background check", that contained inaccurate criminal history.

9. As a result, Plaintiff was a victim of an inaccurate consumer report sold by Checkr to Lyft.

10. Plaintiff was denied employment because Lyft relied on the inaccurate and derogatory consumer report about him prepared and sold by Checkr.

**JURISDICTION, VENUE, AND PARTIES**

11. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

12. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

13. Venue is proper in this District as Plaintiff resides in this District, Checkr transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

14. Plaintiff is a natural person and resident of Lee County, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

15. Checkr is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

16. Checkr is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services throughout the United States to third parties.

17. Checkr disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

18. In or about January 2023, Plaintiff first became aware that he was being mixed with individual "Carlos Alberto Perez" when he received notice of a lawsuit for personal injury from an automobile accident on December 25, 2022, in Orlando, Florida.

19. Plaintiff was not in Orlando, Florida and not involved in an automobile accident on December 25, 2022.

20. Plaintiff is employed as a driver with Lyft.

21. As a requirement to remain employed with Lyft, Plaintiff must submit to periodic background checks.

22. On or about October 10, 2023, Lyft utilized the services of Checkr who provided a background report on Plaintiff.

23. Said background report contained falsehoods about Plaintiff, most damaging being that he had been convicted of a misdemeanor crime for driving while intoxicated in the State of Florida and that he had pled guilty to workers' compensation fraud in the State of Florida. As the report from Checkr indicated, the charged individual was "Carlos <u>Alberto</u> Perez" not Plaintiff whose full legal name is "Carlos <u>Armando</u> Perez".

24. Due to its lack of proper policies and procedures to ensure the maximum possible accuracy of the consumer reports it prepares, Checkr falsely reported to Lyft that Plaintiff had been convicted of heinous crimes.

25. This inaccuracy should have been caught by Checkr as a simple inquiry to the Osceola County Circuit Court in Florida would confirm that, although there was a charged individual with the same birthday as Plaintiff, the charged individual matching Plaintiff's exact name and social security number did not exist in their system.

26.     The severity of the false criminal charges included in Checkr's report led Lyft to the termination of Plaintiff's employment on or about October 20, 2023.

27.     Immediately, after receiving a copy of Checkr's background report and becoming aware of these egregious falsehoods, Plaintiff disputed the Checkr report.

28.     On or about October 21, 2023, Lyft rescinded its termination of employment and formally suspended Plaintiff while the erroneous Checkr background report was investigated.

29.     On or about October 25, 2023, Checkr corrected Plaintiff's background report to remove the false and inaccurate criminal information.

30.     The inaccurate background report created by Checkr caused Plaintiff to suffer from suspension from employment and loss of income.

31.     The inaccurate report created by Checkr caused Plaintiff to suffer from worry, stress, embarrassment, fear, humiliation, sleeplessness, frustration, and anger.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Checkr, Inc. (Negligent)

32.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

33. Checkr violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it sold regarding Plaintiff.

34. Reasonable procedures would have included, at the very least, a search of the original court records and/or other easily accessible records to determine the correct disposition of the criminal charges Checkr attributed to Plaintiff.

35. Checkr's conduct was a reckless violation of the FCRA due to its failure to review the underlying court records and other relevant documents – which are easily accessible on the internet – to determine the true disposition of the criminal charges attributed to Plaintiff.

36. Such a rudimentary check would have revealed to Checkr it was making a mistake and would have permitted Checkr to correct that mistake before it reached Lyft.

37. Checkr is a nationally operating background check company that has access to regulatory and court decisions, as well as other sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

38. As a direct result of this conduct, action and/or inaction of Checkr, Plaintiff suffered damages, including without limitation, suspension from

employment; loss of income; loss of sleep; damage to reputation, embarrassment, anxiety, humiliation, and other mental and emotional distress; and the damages otherwise outlined in this Complaint.

39. The conduct, action and/or inaction of Checkr was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CARLOS ARMANDO PEREZ, respectfully requests that this Court award actual damages against Defendant, CHECKR, INC.; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Checkr, Inc. (Willful)

41. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

42. Checkr violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it sold regarding Plaintiff.

43. Reasonable procedures would have included, at the very least, a search of the original court records and/or other easily accessible records to determine the correct disposition of the criminal charges Checkr attributed to Plaintiff.

44. Checkr's conduct was a reckless violation of the FCRA due to its failure to review the underlying court records and other relevant documents – which are easily accessible on the internet – to determine the true disposition of the criminal charges attributed to Plaintiff.

45. Such a rudimentary check would have revealed to Checkr it was making a mistake and would have permitted Checkr to correct that mistake before it reached Lyft.

46. Checkr is a nationally operating background check company that has access to regulatory and court decisions, as well as other sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

47. As a direct result of this conduct, action and/or inaction of Checkr, Plaintiff suffered damages, including without limitation, suspension from

employment; loss of income; loss of sleep; damage to reputation, embarrassment, anxiety, humiliation, and other mental and emotional distress; and the damages otherwise outlined in this Complaint.

48. The conduct, action and/or inaction of Checkr was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

49. Plaintiff is entitled to recover costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CARLOS ARMANDO PEREZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CHECKR, INC.; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARLOS ARMANDO PEREZ, demands judgment for actual, statutory, compensatory, and punitive damages against Defendant,

CHECKR, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 5th day of January 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Attorney for Plaintiff

11